■ In the Matter of CITY OF WHITE PLAINS, Respondent, v PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL 274 I.A.F.F., Appellant, and AMERICAN ARBITRATION ASSOCIATION, Respondent. [748 NYS2d 762] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County (Murphy, J.), entered October 26, 2001, which granted the petition and stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

In April and May 2001, Firefighter John McGillan, a member of the appellant union, called in sick the day before and after his scheduled time off. He was then ordered by the Fire Chief to report to the Fire Department's physician for a physical examination. While McGillan reported as directed, the union filed a grievance, contending that the Fire Chief's order violated the collective bargaining agreement (hereinafter the CBA), and subsequently demanded arbitration. The City of White Plains commenced a proceeding pursuant to CPLR article 75 to stay arbitration. The Supreme Court granted the petition, determining that there was no reasonable relationship between the parties' collective bargaining agreement and the grievance. We reverse.

In determining whether to stay arbitration on the ground that a matter is not within the scope of the parties' agreement to arbitrate, a court must determine only whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA (*see Matter of Board of Educ. of Watertown City School Dist.*, 93 NY2d 132; *Matter of New York City Tr. Auth. v Amalgamated Tr. Union of Am., AFL-CIO, Local 1056*, 284 AD2d 466).

Here, the CBA provides for arbitration of any grievances and also defines grievances very broadly. It incorporates by reference certain past employment practices, including the medical procedures that are to be followed by the Fire Department. Thus, the grievance was reasonably related to the general subject matter of the CBA, and the Supreme Court erred in determining that there was no such reasonable relationship and that arbitration was not available to the appellant. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.